UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:12-CR-00312-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARCUS DORRELL BYRD | ) | |

This matter is before the court on defendant's motion to dismiss the indictment and his supplement to that motion. (DE ## 6, 8.)

On 18 September 2012, a grand jury indicted defendant on one count of conspiracy to distribute and possess with the intent to distribute a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count One"), two counts of distribution of a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1) ("Counts Two and Three"), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Four"), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 ("Count Five"). (DE # 1.) On the same date, the Clerk issued a warrant for defendant's arrest. (DE # 4.) The warrant has not yet been executed, presumably because defendant is in federal custody pursuant to a sentence of 60 months imprisonment upon the revocation of his supervised release in another case. See United States v. Byrd, No. 3:92-CR-35-6-H (E.D.N.C. Aug. 11, 2011).

In his motion, defendant contends that the indictment should be dismissed for failure to charge an offense. Specifically, defendant claims that Count One is defective because it fails to identify the co-conspirators by name or otherwise. (Mot., DE # 6, at 3.) The indictment charges

that defendant "with others both known and unknown to the Grand Jury" did conspire and have a tacit understanding to violate a controlled substance law. (DE # 1, at 1.) Co-conspirators are not required to be named in an indictment. United States v. Payton, 328 F.3d 910, 911 (7th Cir. 2003); see also United States v. Am. Waste Fibers Co., 809 F.2d 1044, 1046 (4th Cir. 1987) ("The fact that the indictment refers to 'divers[e] other persons' rather than naming the co-conspirators does not automatically render the indictment invalid. The existence of the conspiracy, rather than the particular identity of the conspirators, is the essential element of the crime. While two persons are necessary to constitute a conspiracy, 'one person can be convicted of conspiring with persons whose names are unknown.'" (citations omitted)). Count One properly apprises defendant of the offense of conspiracy, and it will not be dismissed.

Defendant argues that Counts Two and Three are defective because they do not give notice of the specific quantity of cocaine distributed or cite the penalty provision of 18 U.S.C. § 841(b)(1). (Mot., DE # 6, at 4-5.) It is well established "that in order to authorize the imposition of a sentence exceeding the maximum allowable without a jury finding of a specific threshold drug quantity, the specific threshold quantity must be treated as an element of an aggravated drug trafficking offense, i.e., charged in the indictment and proved to the jury beyond a reasonable doubt." United States v. Promise, 255 F.3d 150, 154-155 (4th Cir. 2001) (footnotes omitted). Thus, if the indictment charging a violation of § 841(a)(1) does not specify a particular threshold drug quantity, like the indictment here, the maximum term of imprisonment to which the defendant can be sentenced is 20 years (or 30 years if the defendant has previously been convicted of a felony drug offense). See 21 U.S.C. § 841(b)(1)(C). This penalty provision is not required to be alleged in the indictment. See Williams v. United States, Nos. 2:04–cv–01292,

2

2:02–cr–00110, 2006 WL 6363953, at *9 (S.D. W. Va. Jan. 6, 2006) ("It is immaterial that Defendant's indictment did not cite the penalty provision contained in 21 U.S.C. § 841(b)(1). Defendant had notice that he was being charged with violations of 21 U.S.C. § 841, which clearly delineates the potential penalties therein. . . . [T]he indictment need not state the penalty provision in order to properly invoke that punishment . . . .").

Defendant suggests that Count Five is defective because it does not identify the type of firearm, its serial number, its manufacturer, or the state from which it was transported into North Carolina. (Mot., DE # 6, at 6 n.2.)

> [T]he elements required for conviction under § 922(g)(1) are: (1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed, transported, shipped, or received, the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence.

United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006) (citation omitted). Count Five recites these elements. Neither the specific type of firearm, the serial number, the manufacturer, nor the state of travel is an element of the offense. See United States v. Downing, 432 F. App'x 220, 221-22 (4th Cir.) (affirming district court's denial of motions to dismiss the indictment on the ground that the indictment failed to identify the types or numbers of firearms involved and alleged only possession of the firearms "in and affecting commerce" to satisfy the interstate commerce element), cert. denied, 132 S. Ct. 170 (2011); United States v. Redd, 161 F.3d 793, 796 (4th Cir. 1998) (holding that because a description of the firearm is not an essential element of the crime charged, constructive amendment of the indictment did not occur at trial by

3

evidence of involvement of a different firearm), cert. denied, 526 U.S. 1057 (1999).  Therefore, Count Five will not be dismissed.

Finally, with his supplement to the motion, defendant appears to contend that the indictment should be dismissed because the United States Attorney did not obtain prior written approval and authorization from the Department of Justice ("DOJ") pursuant to its "Petite Policy" to prosecute this case.  (DE # 8, at 2.)  "This policy establishes guidelines for the exercise of discretion by appropriate officers of the Department of Justice in determining whether to bring a federal prosecution based on substantially the same act(s) or transactions involved in a prior state or federal proceeding."  U.S. Attorney Manual § 9-2.031, available at http://www.justice.gov/usao/eousa/foia_reading_room/usam/index.html.  Even assuming that defendant is being prosecuted in violation of this DOJ policy, any such violation does not render the indictment invalid.  See United States v. Howard, 590 F.2d 564, 567-68 (4th Cir. 1979) ("[T]the Petite policy has consistently been held to be a mere housekeeping provision; 'the general rule is that a defendant has no right to have an otherwise valid conviction vacated because government attorneys fail to comply with departmental policy on dual prosecutions.'" (citing United States v. Musgrove, 581 F.2d 406, 407 (4th Cir. 1978), and cases cited therein)).

Defendant's motion to dismiss the indictment is DENIED.

This 20 August 2013.

_____
W. Earl Britt
Senior U.S. District Judge

4