UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:12-CR-00312-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| MARCUS DORRELL BYRD | ) | |
| | ) | |

This matter is before the court on defendant's Notice of Related Cases filed pursuant to Local Criminal Rule 50.5. (DE # 33.) Based on the contents of the Notice and its attached proposed order, the court will treat the Notice as a request for reassignment of this case to Senior United States District Judge Malcolm J. Howard. The Notice represents that government counsel has no objection.

Pursuant to Local Criminal Rule 50.2, "[e]ither the United States Attorney or defense counsel may file a Notice of Related Cases, as set forth in Local Criminal Rule 50.5, promptly upon determining that a later filed case and an earlier filed case are related cases. . . . The court shall then decide to which judge to assign the case." Local Criminal Rule 50.5(a) provides, in pertinent part:

> The United States Attorney or defense counsel may call the court's attention to the existence of related criminal cases at such time as counsel becomes aware that a later filed case and an earlier filed case are related cases. Counsel shall do so by promptly filing and serving in the later filed case a Notice of Related Criminal Cases identifying the earlier filed case and setting forth the reasons why counsel believes the cases are related.

According to the Notice, the instant case is purportedly related to two earlier filed cases, United States v. Byrd, No. 3:92-CR-35-H (E.D.N.C.) ("1992 case"), and United States v. Byrd,

No. 5:07-CR-198-H (E.D.N.C.) ("2007 case"). In the 1992 case, defendant pled guilty to conspiracy to possess with intent to distribute cocaine and using or carrying a firearm during a drug trafficking crime and aiding and abetting the same and was sentenced to a total term of 84 months imprisonment and 60 months supervised release. In 2011, defendant's term of supervised release was revoked for criminal conduct and possessing a firearm or other destructive device, and he was ordered imprisoned for 60 months. The 2007 case originated in the Northern District of Alabama in 1996, where defendant was found guilty of causing a riot in prison, possession of a prohibited object, and injuring property of the United States and was sentenced to a total term of 110 months imprisonment (consecutive to the term in the 1992 case) and 36 months supervised release. That case was transferred to this district in 2007 shortly after commencement of the term of supervised release.

In the instant case, in September 2012, a grand jury indicted defendant on one count of conspiracy to distribute and possess with the intent to distribute a quantity of cocaine, two counts of distribution of a quantity of cocaine, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of possession of a firearm by a convicted felon. The warrant for defendant's arrest was not executed until 11 December 2013 because he has been (and continues to remain) imprisoned based on the revocation of his supervised release in the 1992 case. (See Gov't Resp. Mot. Dismiss, DE # 19, at 1-2.) Defendant's arraignment and trial is currently set for 5 May 2014.

This case is not related to the earlier filed cases. To be sure, they all involve the same defendant and the nature of some of the offenses is similar (i.e., controlled substances and firearms). However, they do not involve the same alleged events as the government suggests.

(See Not., DE # 33, at 1.) The local rule was not intended to encompass the situation here, that is, a defendant who, time after time, is charged with violating the same or similar laws.

Defendant's request to reassign this case is DENIED.

This 25 March 2014.

                                              W. Earl Britt
                                              Senior U.S. District Judge