UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:12-CR-00312-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| MARCUS DORRELL BYRD | ) | |
| | ) | |

This matter is before the court on the parties' motions in limine. (DE ## 51, 52, 56.) Responses to the motions have been filed. (DE ## 59, 61.)

Defendant first requests that the court exclude from evidence defendant's statement to his girlfriend, purportedly overheard by a law enforcement officer and made in response to his girlfriend's statement regarding his bringing a gun into the home– "I had to. I needed it for protection." (Mot., DE # 51, at 1.) Notably, defendant does not contend that this statement was obtained in violation of any constitutional right, but rather, he urges the court to exclude the statement on the ground that, pursuant to Federal Rule of Evidence 403, it is unduly prejudicial to him and may confuse and mislead the jury. (Id. at 1-2.) The court agrees with the government that the statement is admissible as an opposing party's statement pursuant to Rule 801(d)(2) and that it should not be excluded under Rule 403.

Next, defendant contends that any evidence relating to a 9mm handgun purportedly seized from defendant during a search should be excluded because the chain of custody rule is not satisfied. (Mot., DE # 52, at 2.) This is so, according to defendant, because "the inventory of items seized during this search fails to list a handgun, as noted in a separate police report." (Id. at 1.) According to the government, a forensic technician arrived at the location of the

search, retrieved the handgun, and transported it to the police department, where the handgun remained in a locker, except during processing. (Resp., DE # 59, at 3-4.)

> Establishing a strict chain of custody "is not an iron-clad requirement, and the fact of a missing link does not prevent the admission of real evidence, so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material respect." The district court's role is merely to act as a gatekeeper for the jury, and the proponent of the evidence need only make a prima facie showing of its authenticity.

United States v. Summers, 666 F.3d 192, 201 (4th Cir. 2011) (citations omitted). The government has made this showing, and the court will not exclude admission of the handgun or evidence related to it now. Of course, at trial, defendant is free to lodge an objection when the government seeks to admit such evidence.

The government requests that defense counsel be prohibited from making any reference to the following: (1) the potential sentence defendant faces if convicted; (2) the government witnesses' criminal convictions which are more than 10 years old; and, (3) the nature or substance of the pending state felony charges against government witness Robin Applewhite. (Mot., DE # 56.) Defendant does not oppose the government's requests (1) and (2). (Resp., DE # 61, at 1.) As to request (3), defendant argues that denying him the right to question Applewhite about the nature of the charges against him (Applewhite) would violate his right to confront witnesses against him. (Id.) Without revealing what the charges are, the government states that "the pending charges do not involve an issue of honesty or a crime of moral turpitude" and that the prejudice associated with testimony about such charges would substantially outweigh any probative value. (Resp., DE # 56, at 5.)

"[T]he Supreme Court has consistently recognized that a trial court should accord a

criminal defendant a reasonable opportunity to conduct cross-examination that might undermine a witness's testimony. And the rules of evidence authorize the cross-examination of witnesses on matters affecting their 'credibility.'" United States v. Smith, 451 F.3d 209, 221 (4th Cir.) (citations omitted), cert. denied, 549 U.S. 892 (2006). However, this right to confrontation is not unfettered. United States v. Jinwright, 683 F.3d 471, 483 (4th Cir. 2012), cert. denied, 133 S. Ct. 843 (2013). "[A] trial court necessarily possesses wide latitude to impose reasonable limits on cross-examination, premised on such concerns as prejudice, confusion, repetition, and relevance, *see, e.g.*, Fed. R. Evid. 403[.]" Smith, 451 F.3d at 221. A court may exercise its discretion in restricting a defendant's impeachment of a witness by limiting cross-examination into the nature of criminal charges pending against that witness. See United States v. Bunchan, 580 F.3d 66, 71 (1st Cir.) (finding district court did not abuse its discretion in permitting the defendant to question the witness about whether there was an assault charge pending against him in state court but refusing to allow the defendant to inquire into the nature of the sexual assault charge), cert. denied, 558 U.S. 963 (2009); United States v. Span, 170 F.3d 798, 803 (7th Cir. 1999) ("The mere exclusion of the name of the felony charge that was pending against [the witness, i.e., first degree sexual assault of a child] did not prevent the jury from making a discriminating appraisal of his testimony. The jury was informed that at the time he decided to cooperate with police, [the witness] had a pending felony charge and that later that charge was reduced to a misdemeanor. [The defendant] was able to introduce evidence of [the witness'] basic reason for bias. The district court did not abuse its discretion in excluding the nature of [the witness'] pending felony charge.").

  Obviously, there is no dispute that defendant may inquire into the fact that Applewhite

3

has state felony charges pending against him. However, without knowing, at a minimum, what those charges are, it is difficult for the court to assess whether defendant should be allowed to inquire further about the charges. Accordingly, the court will defer ruling on the issue until it hears further argument of counsel prior to trial.

For the foregoing reasons, defendant's motions in limine are DENIED. The government's motion is ALLOWED IN PART. Defense counsel shall not refer to the potential sentence defendant faces if convicted or to any government witness' criminal conviction which is more than 10 years old. The court reserves ruling on the issue of whether defendant's cross-examination of Robin Applewhite should be limited.

This 1 August 2014.

                        W. Earl Britt
                        Senior U.S. District Judge