UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-312-1BR
No. 5:18-CV-84-BR

| MARCUS DORRELL BYRD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 101.) Petitioner has filed a memorandum in opposition to the government's motion. (DE # 105.)

In 2014, a jury convicted petitioner of conspiracy to distribute and possess with the intent to distribute five kilos or more of cocaine in violation of 21 U.S.C. § 846 ("Count 1"); two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of the drug trafficking crime alleged in Count 1 in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 4"); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The court sentenced petitioner to a total term of imprisonment of life. Petitioner appealed his convictions and sentence. The Fourth Circuit Court of Appeals affirmed. (DE # 91.) The Supreme Court denied a petition for a writ of certiorari on 4 December 2017. Byrd v. United States, No. 17-6555 (U.S.).

Petitioner timely filed his § 2255 motion as well as a motion requesting additional relief under § 2255 and/or the Rules Governing Section 2255 Proceedings on 28 February 2018. (DE

## 96, 97.) In response, the government filed the instant motion to dismiss. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the government contends that petitioner has failed to state any claim entitling him to relief.

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules).

Petitioner asserts the following claims: (1) prosecutorial misconduct based on the presentation of false testimony; (2) the government failed to prove the nexus between the firearm found at Ebony Miller's residence and the conspiracy charged in Count 1; (3) the superseding indictment improperly referenced the penalty provision of 18 U.S.C. § 924(c)(1)(A) in Count 4; (4) prosecutorial misconduct based on improperly vouching for witnesses during closing argument; and, (5) petitioner's prior North Carolina conviction for possession with intent to sell and deliver marijuana is not a felony for an enhanced penalty under 21 U.S.C. § 841(b). The government argues that petitioner procedurally defaulted most of these claims, and that, to the extent any claims are not so barred, those claims are meritless.

At the outset, the court recognizes that petitioner concedes his second claim fails because he unsuccessfully raised it on direct appeal. (Resp., DE # 105, at 28.) The court agrees. See United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004) ("Because the Defendants have

2

not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues [in a § 2255 proceeding]."); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (recognizing that a § 2255 petitioner cannot "recast, under the guise of collateral attack, questions fully considered by th[e appellate] court").

The court considers whether petitioner defaulted any of his other claims. Claims of error that could have been raised on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause and prejudice, or demonstrates that he is actually innocent of the offense. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012). Petitioner acknowledges that he did not raise the substance of his other claims on appeal. He contends, however, that this procedural default should be excused as to his prosecutorial misconduct claims because appellate counsel was ineffective. Ineffective assistance of counsel can establish cause to excuse procedural default. Fugit, 703 F.3d at 259.

> [A] lawyer's performance is deficient when his representation falls "below an objective standard of reasonableness," as measured against "prevailing professional norms." "[T]he reasonableness of counsel's challenged conduct," in turn, is judged "on the facts of the particular case, viewed as of the time of counsel's conduct." To guard against hindsight bias and unfair "second-guess[ing]," a defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."
> The range of reasonable professional assistance is just as wide on direct appeal as it is at trial. In particular, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal, as '[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" Indeed, requiring counsel to raise every claim, or even a multiplicity of claims, runs the risk of detracting from contentions that may be truly meritorious. Appellate counsel accordingly enjoys a "presumption that he decided which issues were most likely to afford relief on appeal," a presumption that a defendant can rebut "only when ignored issues are clearly stronger than those presented."

United States v. Baker, 719 F.3d 313, 318 (4th Cir. 2013) (citations omitted).

Petitioner first claims that prosecutors knowingly presented false testimony before the petit and grand juries. Specifically, he claims Detective Thompkins lied at trial about petitioner having signed a waiver of his Miranda rights, making admissions to law enforcement, and agreeing to cooperate with law enforcement. He also claims ATF Agent Collins, as a purported witness to Detective Thompkins' interview of petitioner, lied to the grand jury about what transpired during the interview. As "proof" that these officers lied, petitioner points to the investigative report Detective Thompkins authored, which indicates petitioner did not make any statements to law enforcement officers. According to petitioner, the government's knowledge of the false testimony is evident from the absence of any statement attributable to petitioner in the discovery materials related to the drug dealers about whom petitioner supposedly informed Detective Thompkins. Petitioner asserts appellate counsel should have raised this issue on appeal because "the error was plain from the record," (Resp., DE # 105, at 6), and petitioner would have prevailed on appeal. The court disagrees.

That the officers committed perjury and that the government knowingly used perjured testimony is not plain from the record. Although there are some discrepancies regarding Detective Thompkins' investigative report (about which trial counsel cross-examined him), a discrepancy does not equate with a falsehood. See United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987) ("Mere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony." (citation omitted)). Appellate counsel raised several significant issues. Given the "heavy burden" required to show perjury occurred, id., it was not an issue clearly stronger than those issues appellate counsel did raise. As such, appellate counsel was not ineffective in this regard, and petitioner is barred from raising the issue anew as a ground for habeas corpus relief.

Petitioner's other prosecutorial misconduct claim concerns what he characterizes as the government's vouching for witnesses. Petitioner relies on the following statements the prosecutor made during his closing argument:

> Again, ladies and gentlemen, use your common sense. You have two very experienced detectives testifying here with no evidence of bias, no evidence of malice against this defendant. They didn't know him from Adam before that day, June 1st, or whenever Robin Applewhite first told them about him. There's no motive here. It's simply doing their jobs. It's a dangerous job and it's oftentimes a thankless job, but I submit to you they followed it by the book.
> They interviewed him and during that interview he confessed to distributing, as I told you, a half ounce of cocaine a week for nine months. By my math, that's 18-ounces of cocaine that the defendant, in his own admission, admitted to distributing, to conspire with others for a total of 504 grams.

(Tr., DE # 89-2, at 77; see also Mot., DE # 96, at 20-21.) Petitioner claims appellate counsel was ineffective for not raising this issue on appeal, thereby excusing his procedural default of the claim.

It is improper for a prosecutor to vouch for the testimony of government witnesses. United States v. Sanchez, 118 F.3d 192, 198 (4th Cir. 1997). "Vouching occurs when a prosecutor indicates a personal belief in the credibility or honesty of a witness[.]" Id. However, "even if vouching did take place, reversal is warranted only if the improper statements so infect[ed] the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Robinson, 181 F. App'x 379, 381 (4th Cir. 2006) (citation and internal quotation marks omitted). In light of this standard, it was not unreasonable for appellate counsel to pursue other, much stronger issues to seek reversal of petitioner's convictions. Because cause does not excuse the failure to raise this issue of prosecutorial misconduct on appeal, petitioner is barred from pursuing it now.

As for his two remaining claims, petitioner asserts that his actual innocence excuses his procedural default. His third claim for relief is based on the contention that 18 U.S.C. §

5

924(c)(1)(A) is not a crime, but rather a penalty provision, and therefore, it was legally impossible for him to have been convicted of Count 4. Petitioner is incorrect. Section 924(c)(1)(A) is a crime with distinct elements. See United States v. Strayhorn, 743 F.3d 917, 925 (4th Cir. 2014). Its subsections (ii) and (iii) set forth additional elements which must be submitted to the jury and proven beyond a reasonable doubt, if a defendant is to be subjected to an aggravated sentence. Alleyne v. United States, 570 U.S. 99, 115-16 (2013). Because petitioner was in fact convicted of the actual crime of possession of a firearm in furtherance of a drug trafficking crime, his claim of actual innocence (and his third claim itself) fails.

Petitioner's final claim concerns whether a prior North Carolina conviction is a felony for an enhanced penalty. Because petitioner had prior felony drug convictions, he was sentenced to a mandatory term of life imprisonment on the drug conspiracy in Count 1. See 21 U.S.C. §§ 841(b)(1)(A), 846. Petitioner now claims that he should not have received this sentence because one of his prior drug convictions is not a felony, and therefore, he is actually innocent of the penalty provision, which, in turn, excuses his failure to raise this claim on appeal. "To succeed on actual innocence grounds, however, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." United States v. Pettiford, 612 F.3d 270, 282 (4th Cir. 2010) (citation and internal quotation marks omitted). Because nothing suggests petitioner is actually innocent of the drug conspiracy offense in Count 1, he is not excused from raising this claim on appeal, and it is defaulted.

For the foregoing reasons, the government's motion to dismiss is ALLOWED, petitioner's motion for additional relief is DENIED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED. The Clerk is DIRECTED to send petitioner a copy of this order and close this case.

This 6 November 2018.

                                                W. Earl Britt
                                                Senior U.S. District Judge