UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-312-1BR
No. 5:18-CV-84-BR

| | | |
|---|---|---|
| MARCUS DORRELL BYRD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to amend his 28 U.S.C. § 2255 motion pursuant to Federal Rule of Civil Procedure 15(a), (DE # 108), and to alter, amend, or reconsider the court's 6 November 2018 order and judgment pursuant to Federal Rule of Civil Procedure 59(e), (DE # 109). The government has not filed a response to either motion.

On 6 November 2018, on the government's motion, the court dismissed petitioner's § 2255 motion for failure to state any claims entitling him to relief and entered judgment the same day. (DE ## 106, 107.) By motion dated and deposited in the mail on 5 November 2018, received by the court on 26 November 2018, petitioner requests leave to amend his § 2255 motion. (DE # 108.) Realizing that the court was unaware of his motion to amend when it dismissed his § 2255 motion, petitioner requests that the court vacate the 6 November 2018 order and judgment, permit amendment, and direct the government to respond to the amended § 2255 motion. (DE # 109.)

Pursuant to Rule 59(e), the court may alter or amend a judgment to "prevent manifest injustice."[1]  Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012).  That standard is met here.  Had the court been aware of the motion to amend at the time it was considering the government's motion to dismiss, the court would have granted the motion to amend and denied the motion to dismiss as moot.  As such, the court will grant petitioner relief by vacating its earlier order and judgment to permit petitioner to file an amended § 2255 motion.  See id. ("The district court may not grant a Rule 15(a) motion unless the judgment is vacated pursuant to Rule 59(e) or Rule 60(b)." (internal alterations and quotation marks and citation omitted)).

Petitioner's motions are ALLOWED.  The 6 November 2018 order and judgment are VACATED.  The Clerk is DIRECTED to file petitioner's amended § 2255 motion, (DE # 108-1), *nunc pro tunc* 26 November 2018.  The United States Attorney is DIRECTED to file an answer pursuant to Rule 5, Rules Governing § 2255 Proceedings, or to make such other response as appropriate to the amended § 2255 motion within 40 days.  The government's motion to dismiss petitioner's initial § 2255 motion, (DE # 101), is DENIED as moot.  Petitioner's motion for additional relief, (DE # 97), which he filed contemporaneously with his initial § 2255 motion and wherein he requests discovery and appointment of counsel, among other things, is DENIED WITHOUT PREJUDICE.

This 30 April 2019.

                                                                                  _____
                                                                                  W. Earl Britt
                                                                                  Senior U.S. District Judge

---

[1] The court does not consider petitioner's motion to alter, amend, or reconsider as a second § 2255 motion because petitioner's motion seeks a remedy for a defect in the collateral review process.  See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

2